Susan Cooper **HOUBEN**, Plaintiff,

v.

**TELULAR CORPORATION,** Defendant.

No. 97 C 1489.

United States District Court, N.D. Illinois, Eastern Division.

March 25, 1999.

Philip J McGuire, Luce, Forward, Hamilton & Scripps, LLP, Chicago, IL, Thea M Pazen, Chicago, IL, for plaintiff.

Marvin N. Benn, Dawn Marie Cassie, George W. Hamman, Jeanne Marie Hoffmann, Hamman & Benn, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

In our earlier opinion, *Houben v. Telular Corp.*, *36* F.Supp.2d 793 (N.D.Ill. 1999), familiarity with which we assume, we denied Telular's motion for summary judgment with respect to Houben's federal claims under Title VII and the Pregnancy Discrimination Act, and her state law claims for breach of contract, breach of implied covenant of good faith and fair dealing, and commissions under the Illinois Wage Payment and Collections Act. As instructed, Houben has examined her remaining claims and seeks to withdraw her claims for breach of a written employment agreement, negligent misrepresentation, promissory estoppel, unjust enrichment, and an accounting. On the other hand, she defends her claims for fraud and constructive fraud. Additionally, she seeks reconsideration of our determination that she abandoned her claim under the Family and Medical Leave Act. We grant Houben's request for reconsideration of our determination on her FMLA claim, deny summary judgment on the FMLA claim, and grant judgment for Telular on Houben's claims of fraud.

### Family Medical Leave Act Claim

In *Houben I* this Court concluded that Houben had abandoned her FMLA claim because her brief did not cite the statute, did not discuss relevant standards, and did not reveal what facts she relied upon to establish her claim. Obviously, Houben's attorney was deficient in ignoring the issue so completely. However, given the circumstances in this case, we refuse to inflict counsel's error on the plaintiff. This case is going to trial and, for the same reasons summary judgment was inappropriate on Houben's sex and pregnancy discrimination claims, judgment will not be granted for Telular on her FMLA claim. Houben has established a genuine issue as to whether Telular fired Houben for invidious reasons; either be-

cause of her gender, her pregnancy, or her impending leave. The FMLA prohibits the latter. Thus, we grant Houben's motion for reconsideration and deny Telular's motion for judgment on the FMLA claim.

**The Fraud Claims**

██ To survive summary judgment on her actual fraud claim, Houben must set forth evidence from which a jury could reasonably conclude that at the time Telular contracted to pay Houben a commission it had no intention of paying the commission it promised to pay her. She has not done so. Houben has muddied the waters by failing to explicitly delineate her claim; she does not reveal the relevant date of the purportedly false promise or how her citations to the record establish that Telular never intended to fulfill its promise to pay commissions. Her citations to the record establish nothing more than that Telular intended to out-source sales because then it could save money on commissions, thereby increasing its profit. That fact is very different than, and certainly does not support an inference that, Telular lied to its existing sales force about its intent to pay commissions. Houben utterly fails to put forth any evidence that Telular promised to make commission payments with no intent of doing so. Therefore, we grant judgment to Telular on Houben's actual fraud claim.

██ Houben's constructive fraud claim fares no better. She has not produced any evidence tending to show that she and Telular had a confidential relationship. Therefore, we grant judgment for Telular on Houben's constructive fraud claim.

Essentially, Houben's problem is that these are contract claims. She and Telular disagree about the terms of their contract; namely, when she became entitled to a commission on a sale, after a customer committed to a purchase or after Telular shipped the product. But, as the Seventh Circuit warns, not every breach of contract suit is also a suit for fraud. *Desnick v. American Broad. Co.,* 44 F.3d 1345, 1354

(7th Cir.1995). Houben's claims lie in contract, not fraud.

**CONCLUSION**

For the reasons set forth above, we grant Houben's motion for reconsideration, deny Telular's motion for summary judgment on Houben's FMLA claim, and grant judgment for Telular on Houben's fraud and constructive fraud claims. Additionally, we grant Houben leave to withdraw her claims for breach of a written employment agreement, negligent misrepresentation, promissory estoppel, unjust enrichment, and an accounting.

Trial will begin on May 11, 1999, at 10:00 a.m., on the remaining issues. The parties are instructed to submit a joint final pretrial order, including any motions in limine, by April 23, 1999. A status hearing will be held on April 28, 1999, at 9:00 a.m. to address all issues which will ensure a fair and efficient trial.